UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation, | |
| Plaintiff, | Civil Action No. 06-5137 (JAG) |
| v. | **ORDER**<br>**CLOSED** |
| GOODLAND INNS, INC., a Kansas Corporation; BRUCE E. HILL, an individual; and WAYNE L. HILL, an individual, | |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

On December 7, 2007, Magistrate Judge Madeline Cox Arleo filed a Report and Recommendation ("R&R"), pursuant to FED. R. CIV. P. 72(b) and L. CIV. R. 72.1(a)(2), recommending: 1) that this Court strike pro se defendant Bruce Hill's ("Defendant") Answer; 2) that Plaintiff Howard Johnson International, Inc. ("Plaintiff") be allowed to proceed to judgment by default as to Defendant Bruce Hill; and 3) the entry of default judgment against Defendant Bruce Hill as a sanction for failing to comply with discovery obligations and court orders. (R&R 9, Dec. 7, 2007.) The time for filing objections to the R&R expired on December 21, 2007, and no objections were submitted.

A magistrate judge's recommended disposition of a dispositive matter is subject to de

novo review.  In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Temptations, Inc. v. Wager, 26 F. Supp. 2d 740, 743 (D.N.J. 1998); see also FED. R. CIV. P. 72(b).  This court has reviewed the parties' submissions and the R&R under the appropriate de novo standard, and agrees with Magistrate Judge Arleo's analysis and conclusion.

In Smith v. Shady, 267 F. App'x 181, 182 (3d Cir. 2008) (citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984)), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to enter default judgment against a defendant as a sanction for failure to meet court-imposed deadlines and other procedural prerequisites.  Those factors include:  "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."  Id. at 182.

Magistrate Judge Arleo considered these factors, and concluded that:  (1) Defendant was personally responsible for his failure to comply with discovery deadlines; (2) Plaintiff was prejudiced by Defendant's failure to comply with the court's orders; (3) the record demonstrated a history of dilatoriness; (4) Defendant's failure to comply with discovery obligations and court orders was willful in nature; (5) Defendant's non-compliance continued despite the court entering five orders regarding compliance; therefore, no alternative sanction was appropriate; and (6) as a result of Defendant's minimal pleadings and failure to exchange discovery with Plaintiff, she could not determine the merits of Defendant's defense, see Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (stating that "not all of the *Poulis* factors need to be satisfied . . . ").  (R&R

4-8, Dec. 7, 2007.)

Specifically, on May 15, 2007, Magistrate Judge Arleo entered an order stating that the parties were to exchange Rule 26(a)(1) disclosures by June 1, 2007. (Scheduling Order ¶ 3, May 15, 2007.) She also ordered that written discovery requests were to be served by June 1, 2007, and answers were due within thirty (30) days of receipt of those requests. (Id. at ¶ 4.) Magistrate Judge Arleo emphasized that the parties must strictly adhere to the dates set forth in her May 15, 2007 Scheduling Order. (Id. at ¶ 5) (stating that "[t]he dates set forth in this Scheduling Order are to be adhered to strictly.") She warned that sanctions, including dismissal or default, would be entered for non-compliance. (Id.)

On August 15, 2007, Plaintiff's counsel filed a letter advising the court that Defendant had failed to respond to Plaintiff's written discovery. (See generally Letter from Lisa M. Ackerly, Esq., Counsel for Plaintiff Howard Johnson International, Inc., to Magistrate Judge Madeline Cox Arleo (Aug. 16, 2007).) On August 23, 2007, Magistrate Judge Arleo entered an order requiring all parties to appear for an in-person conference on September 11, 2007. (Letter Order, Aug. 23, 2007.) The purpose of the conference was to address Plaintiff's concerns regarding discovery requests, as well as to schedule motions and trial dates. (Id.) The August 23, 2007 order stated that attendance was mandatory, and that failure to appear would result in sanctions up to, and including, entry of default. (Id.) Only Plaintiff's counsel appeared at the September 11, 2007 conference. (R&R 3, Dec. 7, 2007.)

On September 14, 2007, Magistrate Judge Arleo issued an order requiring Defendant to show cause why monetary and/or reprimand sanctions should not be imposed, pursuant to Fed R. Civ. P. 16(f). (See generally Order to Show Cause, Sept. 14, 2007.) She stated that,

3

"[Defendant] shall file any written submissions with the court by October 8, 2007." (Id.) Defendant submitted an ex parte letter on October 8, 2007. (Letter from Bruce E. Hill, Defendant, to Magistrate Judge Madeline Cox Arleo (Oct. 8, 2007).) In his letter, Defendant apologized for "not contacting the Court sooner," and stated that he had been dealing with a personal issue. (Id.) He also stated that he could not afford to travel to New Jersey to defend his case. (Id.)

In order to accommodate Defendant's personal issues, Magistrate Judge Arleo entered an order, on October 23, 2007, adjourning the conference until November 13, 2007. (Letter Order, Oct. 23, 2007.) She stated that if Defendant did not appear at the conference, she would recommend that sanctions be imposed up to, and including, entry of default. (Id.) Defendant failed to attend the November 13, 2007 conference. (R&R 3, Dec. 7, 2007.)

While a pro se litigant is to be held to a less stringent standard than a party represented by counsel, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), Defendant's failure to comply with the court's orders is inexcusable. Magistrate Judge Arleo afforded Defendant every opportunity to comply with discovery orders, and yet Defendant's non-responsiveness continued.

This Court concludes, based on the application of the Poulis factors, that the proper response to Defendant's failure to adhere to the Magistrate's orders is to: 1) strike Defendant's Answer; 2) permit Plaintiff to proceed to judgment by default; and 3) enter default judgment against Defendant.

IT IS on this 25th day of August, 2008,

ORDERED that Magistrate Judge Arleo's R&R is adopted as the opinion of this Court; and it is further

4

ORDERED that Defendant's Answer be stricken from the record; and it is further

ORDERED that default be entered against Defendant Bruce Hill; and it is further

ORDERED that default judgment is entered in favor of Plaintiff and against Defendant Bruce Hill; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.